UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| EAST TENNESSEE NATURAL GAS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:13-CV-47 |
| | ) | (VARLAN/SHIRLEY) |
| .32 ACRES IN JEFFERSON COUNTY, TENNESSEE, | ) | |
| 714-16 WEBSTER STREET, LLC, and | ) | |
| UNKNOWN OWNERS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This civil action is before the Court on Plaintiff's Motion for Summary Judgment [Doc. 14]. Plaintiff submits that there is no genuine issue of material fact about the value of the property taken in this action, entitling East Tennessee Natural Gas, LLC ("ETNG") to judgment as a matter of law. No response has been filed, and the time for doing so has passed.[1] *See* E.D. Tenn. L.R. 7.1, 7.2.

**I.  Background**

ETNG commenced this suit, seeking to condemn the necessary temporary right-of-way and easement required to relocate a portion of its existing interstate natural gas pipeline [Doc. 1]. Upon motion of ETNG, the Court granted partial summary judgment, finding ETNG could condemn the sought right-of-ways and easement and take

---

[1] Although defendant's registered agent appeared in connection with the hearing on plaintiff's motion for partial summary judgment and an injunction, defendant has not made a formal appearance in this matter [*See* Doc. 12].

immediate possession of the property at issue in this dispute, but reserving the issue of just compensation for the taking of the property [Doc. 12]. ETNG now asks the Court to determine that the value of the property at issue is one hundred sixty dollars ($160) [Doc. 15]. In support of this assessment, ETNG submitted the affidavit of David Pipkin, a licensed real estate appraiser in Tennessee [Doc. 14-1].

## II. Standard of Review

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986); *Moore v. Phillip Morris Cos., Inc.*, 8 F.3d 335, 339 (6th Cir. 1993). All facts and all inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 301 F.3d 937, 942 (6th Cir. 2002).

"Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations." *Curtis Through Curtis v. Universal Match Corp.*, 778 F. Supp. 1421, 1423 (E.D. Tenn. 1991) (citing *Celotex*, 477 U.S. at 317). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the factfinder. *Anderson*, 477 U.S. at 250. The Court does not weigh the evidence or determine the truth of the matter. *Id.* at 249. Nor does the Court search the record "to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989). Thus, "the inquiry performed is the threshold inquiry of determining whether there is a need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

The failure to respond to the motion for summary judgment is not determinative of whether summary judgment is appropriate. *Antczak v. Ashland Distrib. Co.*, No. 3:09-CV-82, 2011 WL 6887720, at *2–3 (E.D. Tenn. Dec. 29, 2011); *Aquent, LLC v. United States*, No, 08-15275, 2011 WL 1397105, at *1 (E.D. Mich. Apr. 13, 2011) (discussing the former version of Rule 56 and noting that "the non-movant's failure to respond does not relieve the movant of its burden to establish that 'the moving party is entitled to judgment as a matter of law'"). Relevant to a party's failure to respond is Rule 56(e), which provides:

3

> (e) If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> . . .
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Fed. R. Civ. P. 56(e)(2); 56(e)(3).[2] Accordingly, the Court has examined the motion and supporting materials to determine if summary judgment is appropriate.

## III. Analysis

Condemnation proceedings are limited by the Fifth and Fourteenth Amendment requirement of due process and just compensation. *Albert Hanson Lumber Co. v. United States*, 261 U.S. 581, 587 (1923). Here, ETNG served defendant's registered agent with notice of the complaint and the complaint [Doc. 6]. The defendant has not answered or otherwise appeared in this action, except that defendant's registered agent participated in a conference call regarding ETNG's motion for partial summary judgment and injunction [*See* Doc. 12]. Moreover, the defendant was apprised that ETNG requested a judicial determination of the compensation due via plaintiff's service of the motion for summary judgment [*See* Doc. 14].

---

[2] The Advisory Committee Notes for the 2010 amendments indicate that the Rule was revised to preclude summary judgment from being granted by default, even "if there is a complete failure to respond to the motion." Fed. R. Civ. P. 56 advisory committee's note (discussing when a party fails to properly address another party's assertion of fact as required by 56(c)).

Regarding just compensation for a temporary taking like here, the Court looks to the rental value of the property for the period of use. *Heydt v. United States*, 38 Fed. Cl. 286, 305 (1997). ETNG has submitted proof that establishes a rental value of one hundred sixty dollars ($160) for the period of use [*See* Doc. 14-1]. After reviewing this proof, the Court finds no reason to conclude otherwise.

## IV. Conclusion

Accordingly, because the Court finds that ETNG has met the fundamental requirements of due process and proper notice was given, and the undisputed just compensation owed to defendant is one hundred sixty dollars ($160), the Court will **GRANT** Plaintiff's Motion for Summary Judgment [Doc. 14] and **ORDER** that defendant be compensated one hundred sixty dollars ($160). The Court will further **DIRECT** the Clerk to refund the balance of the monies received from plaintiff plus all interest earned, if any, less the registry fee, and disburse funds payable to East Tennessee Natural Gas, LLC, c/o Lela Hollabaugh, and **CLOSE** this case.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE